UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **TERRENCE JOSEPH MCGUIRK,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 5:19-00109 |
| ) | |
| v. ) | |
| ) | |
| **CHRISTOPHER A. BLEVINS,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On February 13, 2019, Plaintiff, acting *pro se*, filed a Complaint claiming entitlement to relief under 42 U.S.C. § 1983.[1] (Document No. 2.) Plaintiff names Christopher A. Blevins, a West Virginia State Trooper, as the sole Defendant. (Id.) Plaintiff alleges that Defendant Blevins "lost, stole, and/or destroyed personal non-contraband items belonging to [Plaintiff]." (Id., p. 3.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

Plaintiff alleges that Defendant Blevins "was personally responsible for the items in accordance with law enforcement rules for or relating to chain of evidence." (Id.) Plaintiff acknowledges that the above allegations relate to a "State case 12-F-128." (Id.) Plaintiff contends that he filed a *pro se* motion in State court "requesting the return of all non-contraband items after numerous requests to appointed counsel in the criminal matter refused to do so." (Id., p. 4.) As relief, Plaintiff requests that Defendant Blevins be held financially responsible for his personal property.[2] (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of e-mail communications between the Assistant Prosecuting Attorney and Plaintiff's defense counsel (Document No. 2-1.); and (2) A copy of a letter from Plaintiff to defense counsel dated August 1, 2016, regarding Plaintiff's request for the return of seized property (Document No. 2-2.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at

---

[2] A review of the exhibits reveals that the property was confiscated on January 13, 2012.

327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## **ANALYSIS**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state

and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

      To the extent Plaintiff is attempting to allege a due process claim under the Fourteenth Amendment, Plaintiff has failed to assert a plausible claim. Plaintiff states that he has filed a motion in his criminal action in State Court (Circuit Court of Wood County, Criminal Action 12-F-128) seeking the return for his confiscated property. (Document Nos. 2, 2-1, and 2-2.) To assert a plausible due process claim, a plaintiff must show that his deprivation was not "amenable to 'rectification by . . . post-deprivation state remedies.'" Mora v. The City of Gaithersburg, MD, 519 F.3d 216, 231 (4th Cir. 2008); also see Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.") A plaintiff's ability to file a state claim for conversion constitutes a meaningful post-deprivation remedy.[3] See Kidd v. Bradley, 578 F.Supp. 275, 276-77 (N.D.W.Va. 1984)(recognizing that under the common law of West Virginia, the plaintiff had a cause of action for conversion and the negligent deprivation of property, which provided plaintiff an adequate post-deprivation remedy); also see Goodman v. Ramey, 2012 WL 5966642, * 4 (S.D.W.Va. Nov. 29, 2012)(J. Copenhaver)(finding that plaintiff failed to state a constitutional claim for the loss of property where he could have challenged the taking "in a garden-variety tort claim in state court."). Since Plaintiff has the ability to assert a conversion claim in State court

---

[3] To the extent Plaintiff wishes to pursue a conversion claim, Plaintiff should initiate a civil

concerning the alleged taking of his personal property, the undersigned finds that Plaintiff has failed to state a plausible due process claim. Although Plaintiff indicates that he filed a *pro se* motion in his State criminal action seeking the return of his personal property, there is no indication that Plaintiff has filed civil action for conversion and seeking relief for such. Of importance, the undersigned notes that there is no allegation or indication that existing State remedies are inadequate. The mere fact that the State court has not addressed his *pro se* motion filed in the State criminal action, or the fact that Plaintiff *may* be unsuccessful in his State case, does not establish that Plaintiff's property was taken without due process. Accordingly, the undersigned finds that Plaintiff has failed to state a plausible due process claim.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written

---

action in the State Court of the location where the alleged conversion occurred.

objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 25, 2019.

Omar J. Aboulhosn
United States Magistrate Judge